UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DR. MARLA K. HIRES,

        Plaintiff,                    Case No.    2:18-cv-13689

v.

                                            Hon.

PROMEDICA HEALTH SYSTEM,
INC.,

        Defendant.
_____

ANGELA WALKER (P67625)
DAVID M. BLANCHARD (P67190)
BLANCHARD & WALKER, PLLC
Attorneys for Plaintiffs
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 929-4313
walker@bwlawonline.com
blanchard@bwlawonline.com

_____

**COLLECTIVE ACTION COMPLAINT**

      Plaintiff, Dr. Marla K. Hires ("Plaintiff"), by and through her attorneys, Blanchard & Walker, PLLC, individually and on behalf of all persons similarly situated, files this Collective Action Complaint against Defendant ProMedica Health System, Inc. ("ProMedica" or "Defendant"), seeking all available relief under the

Elliott-Larsen Civil Rights Act, M.C.L. § 37.2010 *et seq.*, the Equal Pay Act of 1963, 29 U.S.C. § 206(d), and the doctrines of quantum meruit and unjust enrichment.

## PARTIES AND JURISDICTION

1. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §1331 and over state claims pursuant to 28 U.S.C. § 1367.

2. Venue is proper in the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391, as Defendant transacts business and operate in this district, and because a substantial part of the events giving rise to the claims occurred in this district.

3. Plaintiff Dr. Marla K. Hires ("Plaintiff" or "Dr. Hires") is a female physician that resides in Washtenaw County, Michigan.

4. Defendant ProMedica Health System, Inc. is a not-for-profit "integrated healthcare organization" headquartered in Toledo, Ohio. It serves communities in 30 states. The organization offers acute and ambulatory care at its network of 13 hospitals and other health care centers cross 27 counties in northwest Ohio and southeast Michigan. The organization has more than 70,000 employees, 13 hospitals, 2,700 physicians and advanced practice providers with privileges, and 900 healthcare providers. ProMedica operates under the name ProMedica Monroe Regional Hospital where Plaintiff is employed in Monroe, Michigan. ProMedica

Monroe Regional Hospital also currently operates under the assumed name of Mercy Memorial Hospital Corporation ("Mercy Memorial").

5. This lawsuit includes claims (1) under the Equal Pay Act of 1963, 29 U.S.C. § 206(d) individual and on behalf of a collective; (2) under the Elliott-Larsen Civil Rights Act, M.C.L. § 37.2010 *et seq.*; and (3) of unjust enrichment/quantum meruit.

6. On or around September 4, 2018, Plaintiff filed Charge No. 471-2018-04807 with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has not received a "Notice of Right to Sue" from the EEOC. After she has exhausted administrative remedies with the EEOC, Plaintiff will be amending this Complaint to add claims under Title VII of the Civil Rights Act of 1964, as amended.

## COLLECTIVE DEFINITION

7. Plaintiff brings Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of herself and the following opt-in litigants:

> All female medical doctors who performed "on-call" services for Defendant ProMedica from three years prior to the filing date of this action (the "Collective").

## FACTUAL ALLEGATIONS

8. On or about October 30, 2014, Dr. Hires began working as a physician for Defendant and also as Medical Director of Inpatient Psychiatry for Defendant at the Mercy Memorial Hospital in Monroe, Michigan.

9. Plaintiff did not have a contract with Defendant regarding compensation for her time performing on-call work.

10. Shortly after she began working for Defendant, Dr. Hires discovered that she was not being compensated for any of her on-call shifts. Dr. Hires questioned this practice and was told the hospital does not provide compensation to its doctors for taking call.

11. Dr. Hires tried to limit how much on-call time she worked due to not receiving any additional compensation for taking call.

12. In 2017, that Plaintiff learned Defendant had been paying a male doctor for performing on-call work, while she had not been paid for performing the same duties for nearly 3 years.

13. On information and belief, Defendant was paying a male comparator at least $2,400 for weekend calls and $400 per night for weekday evening coverage.

14. Plaintiff is aware of at least two other female physicians who were also paid less (or not at all) compared to male doctors for on call work.

15. Plaintiff complained about the difference in pay between herself and the male colleague when she discovered the discrepancy. In spite of this, Defendant continued to pay Plaintiff and other female physicians less than their male colleagues for performing equal work.

## COUNT I – VIOLATION OF THE EQUAL PAY ACT OF 1963
### (On Behalf of Plaintiff and the Collective)

16. Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

17. Defendant has discriminated against Plaintiff and the Collective within the meaning of the Equal Pay Act of 1963 ("EPA") by providing her with lower pay than similarly situated male colleagues on the basis of her gender, female, even though Plaintiff performed similar duties requiring the same skill, effort, and responsibility as her male colleagues.

18. Plaintiff and the Collective members were "employees" as defined by 29 U.S.C. § 203(e); 29 U.S.C. § 206(a); 29 U.S.C. § 206(d); 29 CFR § 1620.1.

19. Defendant is an "employer" as defined under the EPA, 29 U.S.C. § 203(d).

20. Plaintiff and the Collective were female employees who received less compensation than similarly situated male employees for performing substantially equal work that requires equal skill, effort, and responsibility, and was performed under similar working conditions.

21. Defendant violated the EPA by paying lower wages to Plaintiff and the Collective, who were female employees, than they paid to male employees for equal work that required equal skill, effort, and responsibility and that was/is performed under similar working conditions. *See* 29 U.S.C. § 206(d)(1).

22. The term "wages" encompasses all payments made to an employee as remuneration for employment. *See* 29 CFR § 1620.19.

23. The differential in pay between similarly situated male employees and Plaintiff and the Collective was not due to seniority, merit, quantity or quality of production, or a factor other than sex, but was due to gender.

24. Defendant caused, attempted to cause, contributed to, or caused the continuation of wage rate discrimination based on gender, in violation of the EPA.

25. The foregoing conduct constitutes a willful violation of the EPA within the meaning of 29 U.S.C. § 255(a). Defendant was aware that the male physicians employed were being paid more than similarly situated female physicians for substantially similar work. Defendant received complaints about the pay disparity. The pay disparity included, but was not limited to, male physicians being paid for on-call time.

26. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff and the Collective sustained damages including but not limited to economic losses in terms of wages and earnings and loss of benefits, damages to professional reputation and privileges to employment, emotional pain, suffering, inconvenience, and mental anguish.

## COUNT II –SEX DISCRIMINATION IN VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT (MICH. COMP. LAWS §37.2010 *et seq.*)

27. Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

28. Defendant has discriminated against Plaintiff within the meaning of the Elliott-Larsen Civil Rights Act ("ELCRA") by discriminating against her with respect to the terms, conditions, and privileges of her employment, including but not limited to compensation, on the basis of her sex, female.

29. At all material times, Plaintiff was an employee, and Defendant was her employer, covered by and within the meaning of the ELCRA. *See* M.C.L. § 37.2201 *et seq.*

30. Plaintiff's sex was a motivating factor in Defendant's decision to compensate Plaintiff less as compared to similarly situated male employees.

31. Defendant has a policy that, even if facially neutral, has a disparate impact on female doctors.

32. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff sustained damages including but not limited to economic losses in terms of wages and earnings and loss of benefits, damages to her professional reputation and privileges to her employment, emotional pain, suffering, inconvenience, and mental anguish.

## **COUNT III – UNJUST ENRICHMENT/QUANTUM MERUIT**

33. Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

34. Plaintiff was employed by Defendant as a physician.

35. As part of her employment, Plaintiff performed on-call work.

36. Plaintiff was not paid for performing on-call work.

37. Plaintiff furnished her services as a physician with the reasonable expectation that she would be paid for her services.

38. Defendant knew or reasonably should have known that Plaintiff expected to be paid for her services. In fact, Defendant paid similarly situated male colleagues for the same duties performed by Plaintiff.

39. Defendant has benefited from and continue to benefit from Plaintiffs' efforts.

40. By failing to pay Plaintiff the sum owed to her, Defendant has become unjustly enriched and are indebted to Plaintiff under the theory of quantum meruit.

41. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff sustained damages including but not limited to economic losses in terms of wages and earnings and loss of benefits, damages to her professional reputation and privileges to her employment, emotional pain, suffering, inconvenience, and mental anguish.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff Marla K. Hires prays this Honorable Court enter Judgment against the Defendant, in whatever amount is fair, just and equitable for the injuries and damages so wrongfully sustained by the Plaintiff and the Collective including but not limited to surcharge, disgorgement of profits, compensatory damages, liquidated damages, punitive damages, exemplary damages, interest, costs and attorney fees and other damages as allowed in law or equity.

Respectfully submitted,
BLANCHARD & WALKER, PLLC

/s/ Angela L. Walker
Angela L. Walker (P67625)
David M. Blanchard (P67190)
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 929-4313
walker@bwlawonline.com
blanchard@bwlawonline.com

Dated:  November 26, 2018

## **DEMAND FOR A JURY TRIAL**

Now Comes Plaintiff, Marla K. Hires, by and through her attorneys, Blanchard & Walker, PLLC, and hereby demands a trial by jury in the above-captioned matter.

Respectfully submitted,
BLANCHARD & WALKER, PLLC

/s/ Angela L. Walker
Angela L. Walker (P67625)
David M. Blanchard (P67190)
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 929-4313
walker@bwlawonline.com
blanchard@bwlawonline.com

Dated: November 26, 2018